**FILED**

7/8/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAN

Judge Rebecca R. Pallmeyer
Magistrate Judge M. David Weisman
Random Cat 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Violation: 18 U.S.C. § 1343 |
| | ) | |
| SHAHENDA MOHAMED | ) | |

The UNITED STATES ATTORNEY charges:

1.  At times material to the information:

    a.  The Social Security Act of 1935 created a federal-state unemployment insurance system to assist individuals who lost their jobs through no fault of their own by temporarily replacing part of their wages while they sought new employment. Under the Act, each state administered its own unemployment insurance program through a state workforce agency and established its own eligibility requirements, but each state program had to comply with certain federal requirements and was overseen by the United States Department of Labor.

    b.  State unemployment benefits were financed in part by state payroll taxes, which were held in trust by the United States Department of Treasury's Unemployment Trust Fund.

    c.  The Illinois Department of Employment Security ("IDES") was the agency of the State of Illinois that administered the unemployment insurance program in Illinois. The Illinois unemployment insurance program allowed individuals to receive a maximum of 26 weeks of benefits in a one-year period if, in

part, the individual became unemployed through no fault of their own, met certain wage thresholds for insured work during a specified period preceding the loss of unemployment, and was registered to work and continued to actively seek employment. An individual only qualified for Illinois unemployment insurance benefits based upon insured work, which was work performed for an employer who was required to make payments to the State of Illinois under the Illinois Unemployment Insurance Act.

      d.     The IDES permitted individuals to file for unemployment insurance benefits online at ides.Illinois.gov, by phone, or, prior to the pandemic, at an IDES office. In order to file for benefits, an individual was required to submit an Unemployment Insurance Claim Application that required the claimant to provide, among other things, a name, social security number, address, date of birth, employment information, and current employment information. The employment information included a list of employers for the last 18 months, the amount of wages received, and the reason for separation from those employers. As a condition of approval, the claimant was required to acknowledge, among other things, the requirement to register for work, that the information contained within the benefit claim was true and correct, and the potential penalty of imprisonment for making a false statement.

      e.     On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law and expanded the ability of state-administered unemployment insurance agencies to provide assistance to unemployed

individuals impacted by COVID-19, including individuals not ordinarily eligible for unemployment insurance benefits, through the creation of new programs such as the Pandemic Unemployment Assistance ("PUA") program.

        f.     The PUA program expanded unemployment insurance eligibility to workers who would not otherwise have qualified for state unemployment insurance benefits, such as self-employed workers, freelancers, independent contractors, and part-time workers impacted by the pandemic. The program provided federally-funded unemployment insurance benefits to individuals who were: (1) self-employed, seeking part-time employment, or otherwise would not qualify for regular unemployment insurance benefits or extended benefits under state or federal law or under other programs established by the CARES Act; and (2) unemployed, partially unemployed, unable to work, or unavailable to work due to specific COVID-19 related reasons.

        g.     The CARES Act also created the Federal Pandemic Unemployment Compensation ("FPUC") program. The program supplemented other unemployment insurance benefit payments by providing $600 per week in federal funds to individuals who were collecting other forms of unemployment insurance benefits.

2.      Between in or about November 2013, and continuing through in or about January 2021, in the Northern District of Illinois, Eastern Division, and elsewhere,

SHAHENDA MOHAMED,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3.      It was part of the scheme that defendant submitted fraudulent unemployment insurance claims to the IDES resulting in the payment of more than $300,000 in unemployment insurance benefit payments, including PUA unemployment insurance benefit payments, for claimants who defendant knew were not entitled to unemployment insurance benefits.

4.      It was further part of the scheme that defendant approached various individuals to solicit them to submit fraudulent unemployment insurance benefit claims on their behalf and on behalf of others related to those individuals.

5.      It was further part of the scheme that defendant collected personal information relating to various individuals, including names and social security numbers, in order to use this personal information to submit fraudulent unemployment insurance benefit claims to the IDES.

6.      It was further part of the scheme that defendant submitted fraudulent claims using the names and personal information of other individuals that were known to her, including of relatives, as well as names and personal information that

4

defendant knew were not real or belonged to other individuals and were being used by her without the knowledge or authorization of those individuals.

7.     It was further part of the scheme that defendant electronically submitted unemployment insurance claims to the IDES in the names of at least fifteen individuals falsely representing, among other things, the employment history of the claimants, the amount of income paid to the claimants in connection with their purported employment, the claimant's loss of unemployment, and the number of dependents for the claimant.

8.     It was further part of the scheme that, in connection with these fraudulent claims, defendant caused for the unemployment insurance benefit payments to be electronically deposited into bank accounts controlled by defendant and others working in coordination with her or to be credited to debit cards that had been mailed to addresses controlled by defendant or others working in coordination with her to obtain unemployment insurance benefits.

9.     It was further part of the scheme that defendant SHAHENDA MOHAMED concealed, misrepresented and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

10.     On or about July 14, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

SHAHENDA MOHAMED,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic transfer of $12,690 in funds representing unemployment insurance benefits from IDES payable to Individual A into an account at TCF Bank;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY further alleges:

1.      Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      The property to be forfeited consists of approximately $10,400 in cash seized in or about January 2021.

MICHELLE PETERSEN

Digitally signed by MICHELLE PETERSEN
Date: 2025.05.25 11:29:50 -05'00'

for ASB

_____
UNITED STATES ATTORNEY